```
Charles L. Thoeming SBN 153504
Theodore J. Bielen, Jr. SBN 56395
Bielen, Lampe, & Thoeming
1390 Willow Pass Road, Suite 1020
Concord, CA 94520
(925)288.9720
(925)288.9731 Facsimile
```
**ATTORNEYS FOR PLAINTIFF**

UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO, DIVISION

| | |
|---|---|
| **INTERMOTIVE, INC.** <br><br> **Plaintiff,** <br><br> vs. <br><br> **INPOWER, LLC,** <br><br> **Defendant.** | **CASE NO. 2:05-CV-00844-FCD-GGH** <br><br> **STIPULATED PROTECTIVE ORDER** |

IT IS HEREBY STIPULATED by and between the parties through their counsel of record that:

    1.   This stipulated Protective Order (the "Protective Order") shall govern the designation and handling of confidential documents and information produced in discovery in this lawsuit by any person or entity.

    2.   Any person (including third parties not named in this action) who is required to produce documents or information in discovery in this case may designate material produced as "confidential" pursuant to this Protective Order. The following material may be designated as confidential: material which the

producing person believes, in good faith, contains proprietary business information, trade secrets, information subject to a legally protected right of privacy, or confidential research, development, financial or personal information. Material which has not been preserved or maintained in a manner reasonably calculated to preserve its confidentiality may not be designated "confidential." The parties agree that they will not designate material as "confidential" unless they have a good faith, reasonable basis to believe the material constitutes confidential information. The fact that any document or information is disclosed, used or produced in discovery or at trial herein shall not be admissible as evidence, or offered as evidence, in any action or proceeding before any court, agency or tribunal on the issue of whether or not such document or information is confidential or proprietary. The foregoing provision shall have no effect on the issue of authenticity of any document.

3. Documents or things shall be designated as "confidential" by stamping them "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" in a size and location which makes the designation readily apparent. A "confidential" designation shall be affixed to any documents produced in the course of this litigation, including portions of briefs, memoranda, or any other writings filed with the Court, which mention, discuss or comment upon any confidential material. With respect to documents produced for inspection, the designation may be affixed either prior to inspection or added when actually copied for production or exchange, provided that in either event the designation should be affixed in a manner which does not affect the legibility of

1  the document.  Any information or data that is not reduced to
2  documentary, tangible, or physical form, or that is otherwise not
3  readily designated as confidential pursuant to the preceding two
4  sentences, may be designated as confidential by informing counsel
5  for the parties that it is confidential.
6         (a)  Confidential material filed with the Court for any
7  purpose shall be filed in a sealed envelope or other container,
8  marked on the outside with the caption of this action and the
9  following statement: "CONFIDENTIAL - SUBJECT TO PROTECTIVE
10 ORDER."  If any person fails to file protected documents or
11 information under seal, the producing person may request that the
12 Court place the filing under seal.
13        (b)  The sealed envelope or other container containing
14 the confidential material shall not be opened except for in
15 camera inspection or pursuant to a Court order or the parties'
16 stipulation.  Subject to the Court's convenience and needs, the
17 envelope or other container shall be kept under seal by the clerk
18 until further Court order.
19        (c)  If any document or information designated as
20 "confidential" pursuant to this Protective Order is used or
21 disclosed during the course of a deposition, that portion of the
22 deposition record reflecting such material shall be stamped with
23 the appropriate designation and access shall be limited pursuant
24 to the terms of this Protective Order.  The court reporter for
25 the deposition shall mark the deposition transcript cover page
26 and all appropriate pages or exhibits, and each copy thereof, in
27 accordance with paragraph 3 of this Protective Order.  Only
28 individuals who are authorized by this Protective Order to see or

1 receive such material may be present during the discussion or
2 disclosure of such material.
3 　　　　(d)  Any party or deponent wishing to designate as
4 "confidential" pursuant to the terms set forth in paragraph 2
5 above any deposition testimony or documents submitted as exhibits
6 to a deposition may do so on the record during the deposition, or
7 within fifteen (15) days after receipt of the deposition
8 transcript and exhibits, by providing written notice of the
9 designation to the parties and any other affected person.  If the
10 designation is made on the record at the deposition, the person
11 making the designation shall be responsible for assuring that
12 those portions of the deposition transcript and exhibits
13 designated as "confidential" are marked by the reporter in the
14 manner described herein.  If the designation is made by notice
15 after receipt of the transcript or exhibits, any party receiving
16 notice of the designation shall stamp as "confidential" the
17 designated portions of any copies of the transcript or exhibits
18 in its possession, and shall take all reasonable steps to assure
19 that transcripts copied but no longer in the possession of said
20 party are likewise appropriately stamped.  Each deposition
21 transcript and exhibits shall be maintained as confidential for
22 fifteen (15) days from receipt of the deposition transcript and
23 exhibits.  If, after fifteen (15) days from receipt of the
24 deposition transcript and exhibits, no designation of
25 "confidential" is made the deposition transcript and exhibits
26 shall be deemed to not be part of this order.
27 　　　　(e)  Neither the provisions of this Protective Order,
28 nor the filing of any material under seal, shall prevent the use

1  in open court, at any hearing or at trial of this case of any
2  material that is subject to this Protective Order or filed under
3  seal pursuant to its provisions, provided that the party desiring
4  to use the material ("the disclosing party") gives the relevant
5  producing person(s) advance notice at such time as the disclosing
6  party determines that it will use, or is substantially likely to
7  use, such material in open court.  Any party or designating
8  person desiring that hearings be held in camera, or that the
9  trial or any portion of it be closed to the public, or that a
10 person be excluded from a hearing or any portion of it, must make
11 a separate motion therefor.
12      4.   Unless and until otherwise ordered by the Court or
13 agreed to in writing by the parties, all material designated
14 "confidential" shall be treated as confidential and shall not be
15 disclosed except under the terms of this Protective Order.
16           (a)  In the event that any party objects to the
17 designation of any document as "confidential" such party may, in
18 writing, request the designating person to remove the
19 confidential designation.  Such written request shall
20 specifically identify the document at issue.
21           (b)  The designating person, by its counsel, shall
22 respond in writing within ten (10) business days of receipt of
23 the written request, or within such other period of time as may
24 be designated by the Court or the parties' agreement.  If the
25 designating person refuses to remove the confidential
26 designation, its written response shall state the reasons for
27 this refusal.  Notwithstanding the foregoing, failure to provide
28

1 a timely written response shall be deemed a refusal of the
2 request.
3     (c)  If the designating person(s) fails to respond to a
4 request or refuses to remove the confidential designation, any
5 party may file a motion for an order requiring the designating
6 person(s) to remove the confidential designation.  It shall be
7 the designating person's burden under such circumstances to
8 establish that the designated information is confidential within
9 the meaning of this Protective Order.
10     (d)  In the event of such a motion, the material at
11 issue may be submitted to the Court for in camera inspection.
12    5.   All confidential information shall be controlled and
13 maintained in a manner that precludes access by any person not
14 entitled to access under this Protective Order and shall be
15 disclosed only to persons described in paragraphs 6 and 7 below
16 in connection with this litigation only, unless and until any
17 party shows a need for the documents in related or subsequent
18 litigation against the parties named in this action and either
19 this Court or the court in the related or subsequent litigation
20 enters an appropriate order for modification of this Protective
21 Order.
22    6.   Confidential material may be delivered, exhibited or
23 disclosed to counsel representing the named parties in this case,
24 to counsel representing any insurer or indemnitor of any
25 defendant, and to any support staff assisting such counsel in the
26 prosecution or defense of this litigation (collectively referred
27 to as a party's "legal team").  Counsel who receives any
28 confidential material shall be bound by this Protective Order and

1 be responsible for (1) informing other members of his or her
2 legal team of their obligations under this Protective Order and
3 (2) assuring that access to the confidential material is limited
4 in accordance with this Protective Order.
5     7.   Confidential material may also be delivered, exhibited
6 or disclosed, subject to paragraphs 8 through 10, below, to the
7 following persons in addition to a party's legal team:
8         (a)  Any expert or consultant interviewed for retention
9 and/or retained by counsel to assist in the preparation of this
10 case or to testify at trial or any other proceeding in this
11 action.
12         (b)  Any person testifying at a deposition, hearing or
13 trial of this action.  For deposition testimony, the parties
14 hereto agree that the party offering confidential material to the
15 witness shall provide notice to opposing counsel to afford the
16 non-offering party reasonable opportunity to object.
17         (c)  Any person who authored or previously received the
18 material.
19         (d)  Any actual or potential witness, including former
20 employees, officers and agents of a party, provided there is a
21 reasonable basis to believe that the witness will give testimony
22 regarding the confidential material.
23         (e)  Any court reporter employed in this litigation and
24 acting in that capacity.
25         (f)  The Court.
26         (g)  Any person qualifying under paragraph 11, below.
27     8.   Notwithstanding the provisions of paragraph 7,
28 confidential information produced pursuant to this Protective

Order shall not be provided, shown, made available or communicated in any way to any person or entity who is directly employed by any business which is known to be a direct customer, vendor or competitor of plaintiff or defendant, except insofar as the information pertains to that specific business entity or person.  For purposes of this paragraph, no named party to this litigation shall be deemed to be a customer, vendor or competitor.  Prior to any disclosure of confidential information, the disclosing party shall make reasonable inquiry to ascertain that the person or entity to be provided with confidential information is not a direct employee of a business which is a direct customer, vendor or competitor of plaintiff or defendant.

    9.  Notwithstanding the provisions of paragraph 7, confidential information produced pursuant to this Protective Order may not be delivered, exhibited or otherwise disclosed to any reporter, writer or employee of any trade publication, newspaper, magazine or other media organization.

    10.  Any party desiring to reveal confidential material to any of the persons referred to in paragraph 7(a), 7(b), 7(d) or 7(g) above shall first provide notice to the party having designated such material as "confidential."  The party receiving such notice shall have seven (7) days from receipt of such notice to object thereto.  If no objection is received, the disclosing party shall then secure from each such person, prior to disclosure of any information subject to this Protective Order, a signed certificate in the form attached as Exhibit A.  Counsel for the party who disclosed the confidential information shall

1 retain all original signed certificates obtained from any person
2 pursuant to this paragraph.
3     11.  Any party may request permission to disclose
4 confidential documents or information to any persons to whom such
5 disclosure is otherwise prohibited by this Protective Order.
6         (a)  The request shall be made in writing to the person
7 who designated the pertinent documents or information as
8 "confidential."  The request shall state with specificity the
9 reason(s) why disclosure is required.  The request shall also
10 identify with reasonable specificity the confidential material to
11 be disclosed and the person(s) to whom the disclosure will be
12 made unless, under FRCP 26(b)(4), the requesting party may
13 properly decline to identify the person.
14         (b)  The party to whom the request is directed shall
15 respond within ten (10) business days from receipt of the
16 request, or within such other time period as may be designated by
17 Court order or the parties' agreement.  If the person to whom the
18 request is directed refuses the request, its written response
19 shall state the reason for the refusal.  Notwithstanding the
20 foregoing, failure to provide a timely written response shall be
21 deemed a refusal of the request.
22         (c)  If the person to whom the request is directed
23 fails to respond to the request, or refuses to consent to its
24 disclosure, the requesting party may move for an order permitting
25 the disclosure upon good cause shown.  It shall be the burden of
26 the party seeking confidentiality under such circumstances to
27 establish that the designated information is confidential within
28 the meaning of this Protective Order; however, it shall be the

1  requesting party's burden to demonstrate good cause as to why,
2  not withstanding the document's or information's confidential
3  nature, disclosure is justified.  The requesting party shall not
4  make any disclosure while a motion to allow or to bar such
5  disclosure is pending or while any appeal or request for review
6  or reconsideration pertaining to such a motion is pending.
7              (d)  Any party desiring to reveal confidential material
8  to any person pursuant to this paragraph 11 shall first secure
9  from each such person, prior to the disclosure, a signed
10 certificate in the form attached as Exhibit A.  The applicable
11 provisions of paragraph 10 of this Protective Order shall govern
12 the handling of all such certificates.
13      12.  This Protective Order shall remain in full force and
14 effect and shall continue to be binding on all parties and
15 affected persons after this litigation terminates, subject to any
16 subsequent modifications of this Protective Order for good cause
17 shown by this Court or any court having jurisdiction over an
18 appeal of this action.  After this action terminates, any party
19 may seek to modify or dissolve this Protective Order by Court
20 order for good cause shown or by the parties' stipulation.
21      13.  If at any time any document or information designated
22 as "confidential" and governed by this Protective Order is
23 subpoenaed by any court, administrative or legislative body, or
24 by any other person or entity purporting to have authority to
25 require the production of such information, the person to whom
26 the subpoena is directed shall immediately give written notice
27 thereof to any person who has designated such information as
28 "confidential."  After receipt of the notice specified under this

1  paragraph, the person seeking to maintain the "confidential"
2  designation shall have the sole responsibility for obtaining any
3  order it believes necessary to prevent disclosure of documents or
4  information designated "confidential."  Unless a court orders
5  otherwise, the person to whom the subpoena is directed shall
6  object thereto and accordingly not produce any confidential
7  information until the person seeking to maintain confidentiality
8  has had an opportunity to seek an appropriate order.  If the
9  person seeking to maintain confidentiality does not move for a
10 protective order within the time allowed for production by the
11 subpoena (or within such time as a court may direct or as may be
12 agreed upon between the designating person and the subpoenaing
13 party) and give written notice of such motion to the subpoenaing
14 party and the person to whom the subpoena is directed, the person
15 to whom the subpoena or other request is directed may commence
16 production in response thereto.  The person to whom the subpoena
17 is directed shall not produce any material designated as
18 confidential while a motion for protective order brought pursuant
19 to this paragraph is pending, or while any appeal from or request
20 for appellate review of such motion is pending, unless ordered by
21 a court to do so.
22      14.  The procedures set forth herein shall not relieve a
23 party of the necessity of making timely responses or objections
24 to discovery requests.  Nothing in this Protective Order shall be
25 construed to prohibit a producing person from seeking relief from
26 any inadvertent or unintentional disclosure of confidential,
27 privileged or work product information.  However, nothing in this
28

provision shall enlarge or diminish the legal rights of any person seeking such relief.

15. At the conclusion of this action, including any appeals, all materials designated as confidential and all copies, extracts, summaries or notes thereof shall be returned to the producing person(s) or shall be destroyed. Counsel or other affected persons shall provide the producing person(s) written confirmation of destruction within sixty (60) days of the conclusion of the action. This provision shall not apply to file copies of pleadings and briefs maintained by the parties' counsel in their respective litigation files maintained in the ordinary course of business.

16. A producing person may disclose documents or information designated "confidential" produced in this action to any persons, with or without any conditions to such disclosure as it deems appropriate, but at the risk that such disclosure may cause the document or information produced to lose its confidential designation if disclosure is not made in a manner reasonably calculated to maintain the information's confidentiality.

17. Should any information designated confidential be disclosed, through inadvertence or otherwise, to any person not authorized to receive it under this Protective Order, then the disclosing person(s) shall promptly (a) identify the recipient(s) and (b) use best efforts to bind the recipient(s) to the terms of this Protective Order. No information shall lose its confidential status because disclosed to a person not authorized to receive it under this Protective Order.

1   18.  The Court shall retain jurisdiction, even after this lawsuit terminates, (a) to make such amendments, modifications and additions to this Protective Order as it may from time to time deem appropriate upon good cause shown and (b) to adjudicate any dispute respecting improper use or disclosure of confidential material.

19.  This Protective Order may be executed in counterparts.

Dated: May 9, 2006.         Signed: /S/Charles L. Thoeming
                                    Charles L. Thoeming
                                    Attorney for Plaintiff

Dated: May 9, 2006.         Signed: /S/Richard W. Hoffmann
                                    Richard W. Hoffmann
                                    Attorney for Defendant

SO ORDERED.

Dated: 5/12/06                      /s/ Gregory G. Hollows
                                    _____
                                    GREGORY G. HOLLOWS
                                    UNITED STATES MAGISTRATE JUDGE

intermotive.ord