UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

INTERMOTIVE, INC.,

        Plaintiff,

   v.

INPOWER, LLC,

        Defendant.

NO. CIV. S-05-0844 FCD GGH

MEMORANDUM AND ORDER

----oo0oo----

This matter is before the court on the parties' joint motion to stay proceedings pending the outcome of a reexamination proceeding in the United States Patent and Trademark Office. For the reasons set forth below,[1] plaintiff's motion is GRANTED.

The district court has the inherent authority to order a stay pending the outcome of reexamination by the USPTO. Ethicon v. Quigg, 849 F.2d 1422, 1426 (Fed. Cir. 1988). The court must weigh the competing interests presented by a specific set of facts. Gladish v. Tyco Toys, 29 U.S.P.Q.2d 1718, 1719 (E.D. Cal.

---

[1] Because oral argument will not be of material assistance, the court orders this matter submitted on the briefs. E.D. Cal. Local Rule 78-230(h).

1993).  In weighing the interests of the parties, the court may consider: 1) whether the non-moving party will suffer prejudice; 2) whether there is a clear tactical disadvantage to the non-moving party; 3) the stage in litigation, 4) whether discovery is or will almost be completed; and 5) whether a trial date has been set.  <u>ASCII Corp. v. STD Entm't USA, Inc.</u>, 844 F. Supp. 1378, 1380 (N.D. Cal. 1994) (citing <u>GPAC, Inc. v. DWW Enter., Inc.</u>, 144 F.R.D. 60, 66 (D. N.J. 1992)).  "There is a liberal policy in favor of granting motions to stay proceedings pending the outcome of reexamination proceedings."  <u>ASCII Corp.</u>, 844 F. Supp. at 1381.  Reexamination by the USPTO may further the goal of judicial economy by eliminating the need for discovery and trial of certain issues, and by helping the court focus on pertinent issues.  <u>Methode Elecs., Inc. v. Infineon Techs. Corp.</u>, 2000 U.S. Dist. LEXIS 20689, at *6-7 (N.D. Cal., Aug. 7, 2000).

　　　In this case, there is no evidence that either party will suffer prejudice as a result of this stay.  Rather, both parties join in this motion because they believe that "the advantages to be gained by a stay of the present action pending the expedited PTO reexamination procedure clearly outweigh any possible disadvantage."  (Mem. in Supp. of Joint Mot. to Stay Proceedings, filed Nov. 21, 2006, at 8).  Likewise, there is no clear tactical advantage to be gained.  This action was filed on April 28, 2005, and only limited substantive discovery has been conducted.  The PTO has issued an Order dated October 16, 2006, directing that reexamination proceed.  The PTO's determination will either eliminate the present action altogether or, at the very least,
////

2

1  limit the issues which the court will have to address in deciding
2  the claims brought by the parties.
3       Therefore, the court finds that there is good cause to stay
4  the proceedings.  Plaintiff and defendant's joint motion to stay
5  proceedings in this case pending completion of the inter partes
6  reexamination of U.S. Patent No. 6,594,565 is GRANTED.  All
7  current dates are hereby vacated.  A status conference is set in
8  this matter for July 13, 2007 at 10:00 a.m.  The parties shall
9  submit a joint status report to the court by July 6, 2007.
10      IT IS SO ORDERED.
11 DATED: January 5, 2007

_____
FRANK C. DAMRELL, JR.
UNITED STATES DISTRICT JUDGE