UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

INTERMOTIVE, INC.,

        Plaintiff,

    v.

INPOWER, LLC,

        Defendant.

                              /

NO. CIV. S-05-844 KJM GGH

STATUS (PRETRIAL SCHEDULING) ORDER

      Having reviewed the parties' Joint Status Report filed on July 12, 2012, the court makes the following orders in this patent case:

I.    SERVICE OF PROCESS

      All named defendants have been served and no further service is permitted without leave of court, good cause having been shown.

II.    ADDITIONAL PARTIES/AMENDMENTS/PLEADINGS

      Defendant may seek to amend its pleading to incorporate an allegation of inequitable conduct.

      No joinder of parties or amendments to pleadings is permitted without leave of court, good cause having been shown. *See* FED. R. CIV. P. 16(b); *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604 (9th Cir. 1992).

/////

III.   JURISDICTION/VENUE

Jurisdiction is predicated upon 28 U.S.C. §§1331 and 1338(a).  Jurisdiction and venue are not disputed.

IV.   DISCOVERY

The parties have exchanged initial disclosures.  The parties have also reached several agreements regarding the procedures applicable to discovery, which the court approves.  The deadline for the conclusion of fact discovery is February 10, 2013.  In this context, "completed" means that all discovery shall have been conducted so that all depositions have been taken and any disputes relative to discovery shall have been resolved by appropriate order if necessary and, where discovery has been ordered, the order has been obeyed.  All motions to compel discovery must be noticed on the magistrate judge's calendar in accordance with the local rules of this court.

V.   EXPERT WITNESSES

The parties shall disclose their experts by November 2, 2012.

The initial exchange of expert reports from the party having the burden of proof shall be completed by March 15, 2013, with rebuttal reports exchanged by April 19, 2013.  The written reports shall comply with Fed. R. Civ. P. 26(a)(2)(B).

Failure of a party to comply with the disclosure schedule as set forth above in all likelihood will preclude that party from calling the expert witness at the time of trial.  An expert witness not appearing on the designation will not be permitted to testify unless the party offering the witness demonstrates: (a) that the necessity for the witness could not have been reasonably anticipated at the time the list was proffered; (b) that the court and opposing counsel were promptly notified upon discovery of the witness; and (c) that the witness was promptly made available for deposition.

For purposes of this scheduling order, an "expert" is any person who may be used at trial to present evidence under Rules 702, 703, and 705 of the Federal Rules of Evidence, which include both "percipient experts" (persons who, because of their expertise, have rendered expert opinions in the normal course of their work duties or observations pertinent to the issues in the

case) and "retained experts" (persons specifically designated by a party to be a testifying expert for the purposes of litigation). Each party shall identify whether a disclosed expert is percipient, retained, or both. It will be assumed that a party designating a retained expert has acquired the express permission of the witness to be so listed. Parties designating percipient experts must state in the designation who is responsible for arranging the deposition of such persons.

All experts designated are to be fully prepared at the time of designation to render an informed opinion, and give their bases for their opinion, so that they will be able to give full and complete testimony at any deposition taken by the opposing party. Experts will not be permitted to testify at the trial as to any information gathered or evaluated, or opinion formed, after deposition taken subsequent to designation. All expert discovery shall be completed by May 17, 2013.

VI.  CLAIM CONSTRUCTION SCHEDULE AND FURTHER STATUS

By August 30, 2012, the parties will complete disclosure of asserted claims and infringement contentions and accompanying document production;

By September 10, 2012, the parties will have exchanged preliminary witness lists;

By September 14, 2012, the parties will complete disclosure of invalidity contentions and accompanying document production and exchange of proposed terms for construction;

By September 27, 2012, the parties will complete the exchange of preliminary claim construction and extrinsic evidence;

By November 14, 2012, the parties will file their Joint Claim Construction and Prehearing Statement;

By December 14, 2012, the parties will complete claim construction discovery;

By January 14, 2013, plaintiff will file and serve its opening claim construction brief and any supporting evidence;

By February 4, 2013, defendant will file and serve its responsive claim construction brief and supporting evidence;

/////

1   By February 11, 2013, plaintiff will file and serve any reply brief and any
2   evidence directly rebutting the supporting evidence contained in defendant's
3   responsive claim construction brief.
4   The case is set for a status conference on February 21, 2013 at 3:30 p.m.  By February
5 14, 2013 the parties shall file a joint status report addressing how to present a joint technology
6 tutorial on DVD or in another form and proposing dates for the claim construction hearing.
7 Further dates, including the date for claim construction hearing, will be set at the status
8 conference.

VII.   SEALING

No document will be sealed, nor shall a redacted document be filed, without the prior approval of the court.  All requests to seal or redact shall be governed by Local Rules 141 (sealing) and 140 (redaction); protective orders shall not govern the filing of sealed or redacted documents on the public docket.  The court will only consider requests to seal or redact filed by the proponent of sealing or redaction.  If a party plans to make a filing that includes material an opposing party has identified as confidential and potentially subject to sealing, the filing party shall provide the opposing party with sufficient notice in advance of filing to allow for the seeking of an order of sealing or redaction from the court.

VIII.  OBJECTIONS TO STATUS (PRETRIAL SCHEDULING) ORDER

This Status Order will become final without further order of the court unless objections are filed within fourteen (14) *calendar* days of service of this Order.

IT IS SO ORDERED.

DATED: July 26, 2012.

_____
UNITED STATES DISTRICT JUDGE