IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

INTERMOTIVE, INC.,

      Plaintiff,                               No. 2:05-cv-00844-KJM-GGH

      vs.

INPOWER, INC.,

      Defendant.                          <u>ORDER</u>

_____/

        Plaintiff and defendant, the only parties to this case, jointly make a motion to seal their settlement agreement. The motion has been submitted without argument. For the reasons below, this motion is DENIED.

I.    <u>FACTS AND PROCEDURAL HISTORY</u>

        Plaintiff sued defendant in 2005 for patent infringement. (ECF 1.) Defendant counterclaimed. (ECF 8.) In 2006, the assigned judge approved the parties' stipulated protective order to govern discovery. (ECF 23.) In 2007, the case was stayed pending completion of a patent reexamination. (ECF 30.) Upon motion of the parties, this court lifted the stay in April 2012. (ECF 64.) On October 16, 2012, the parties filed a notice of settlement. (ECF 71.) On November 1, 2012, the parties filed the pending request to seal the settlement agreement. (ECF 75).

1

## II. STANDARD

There is a presumption in favor of public access to court records. *See Phillips v. Gen. Motors Corp.*, 307 F.3d 1206, 1210 (9th Cir. 2002). However, "access to judicial records is not absolute." *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006). "[I]f the court decides to seal certain judicial records [after conscientiously balancing the competing interests of the public and the party who seeks to keep certain judicial records secret], it must 'base its decision on a compelling reason and articulate the factual basis for its ruling, without relying on hypothesis or conjecture.'" *Id.* at 1179 (quoting *Hagestad v. Tragesser*, 49 F.3d 1430, 1434 (9th Cir. 1995)). "In general, 'compelling reasons' sufficient to outweigh the public's interest in disclosure and justify sealing court records exist when such 'court files might become a vehicle for improper purposes,' such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Id.* (quoting *Nixon v. Warner Communs., Inc.*, 435 U.S. 589, 598 (1978)). However, "'good cause' suffices to warrant preserving the secrecy of sealed discovery material attached to nondispositive motions." *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003) (citing *Phillips*, 307 F.3d at 1213).

## III. ANALYSIS

The parties have not met the standard for overcoming the presumption in favor of public access to court records. They request the court seal the settlement agreement because public disclosure would reveal the parties' trade secrets. (Joint Req. for Sealing of Docs. at 2, ECF 75.) In support, the parties simply cite *Citizens First National Bank of Princeton v. Cincinnati Insurance Co.*, 178 F.3d 943, 946 (7th Cir. 1999). The parties do not indicate which part of the settlement agreement would reveal legitimate trade secrets. Nor do the parties distill and apply a rule from *Citizens First* to the facts of this case. The parties' entire request consists only of a conclusory invocation of a legal ground and citation to a case.

/////

The court has carefully reviewed the settlement agreement and cannot find any information which, if revealed, could compromise the parties' proprietary interests. The text of the agreement names the disputed patents, stipulates to terminate the litigation, and discusses other apparently innocuous details. The appended owner's manuals relevant to the disputed patents are already available to the public via the internet. On this record, there are no grounds on which to grant the parties' request.

IV.  CONCLUSION

For these reasons, the parties' request to seal is DENIED without prejudice. If the parties wish to renew their request in light of this order, they may do so by November 23, 2012. Otherwise, the settlement agreement shall be filed on the public docket by November 30, 2012.

IT IS SO ORDERED.

DATED: November 14, 2012.

_____
UNITED STATES DISTRICT JUDGE